UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DREW,

    Plaintiff,

v.                                                                                                      Case No. 10-14437

TROTT & TROTT. P.C.,                                                    HONORABLE AVERN COHN
et al,

    Defendants.
_____/

## ORDER DENYING MOTION TO RECUSE (Doc. 29)[1]

### I.

This is a mortgage case. Plaintiff Kevin Drew, proceeding pro se, has sued several defendants claiming defects in the loan process by which he obtained his mortgage and in the subsequent foreclosure proceedings. Before the Court is plaintiff's motion to recuse the undersigned. For the reasons that follow, the motion is DENIED.

### II.

28 U .S.C. § 455 governs motions to recuse or disqualify and provides in part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:
    (1) Where he has a personal bias or prejudice concerning a party . . . .

Disqualification under 28 U.S.C. § 455 is mandated if a reasonable person, knowing all of the relevant facts and circumstances, might question the judge's impartiality. A

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

federal judge must recuse under § 455 if the judge knows of facts that would undermine the appearance of impartiality in the minds of objectively reasonable persons. Liteky v. United States, 510 U.S. 540, 547-48 (1994); Youn v. Track, Inc., 324 F.3d 409, 422-23 (6th Cir. 2003). A judge need not recuse or disqualify himself based solely on the subjective view of a dissatisfied party, no matter how strongly that subjective view is held. Browning v. Folz, 837 F.2d 276, 279 (6th Cir. 1988). Plaintiff bears the burden of showing that an objectively reasonable person, knowing the facts and circumstances, would believe that the undersigned is biased or prejudiced against him. Consolidated Rail Corp. v. Yashinsky, 170 F.3d 591, 597 (6th Cir. 1999).

Disqualification for personal bias or prejudice under 28 U.S.C. § 455 is subject to the limitation of the extrajudicial source doctrine. Liteky, 510 U.S. at 540; United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). The alleged bias or prejudice must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." Grinnell Corp., 384 U.S. at 583. Plaintiff is required to allege specific, non-conclusory facts showing a personal bias or prejudice against him that emanates from an extrajudicial source as distinguished from a judicial source, i.e. court proceedings. The alleged personal bias or prejudice must arise out of the judge's background and associations, and not from the judge's views or interpretations of the law. Youn, 324 F.3d at 423

Plaintiff's motion is premised on statements the Court allegedly made to plaintiff on February 8, 2011 at a status conference. Although plaintiff contends that the statements were in the "court room" and "on the record" and there was a "hearing," plaintiff is mistaken as to the surroundings. As noted, the statements were made during

2

an informal status conference with the parties which took place in the Court's jury room. Plaintiff alleges that the Court informed him he "would lose [his] case." Again, plaintiff is mistaken. At no time did the Court tell plaintiff that he would "lose" his case; rather, the Court explained to plaintiff the difficulties involved in litigating a case claiming defects in a mortgage and a foreclosure. Importantly, the conduct of which plaintiff complains does not demonstrate that the undersigned harbors a personal bias or prejudice against him emanating from an extrajudicial source. A rational, objective person reviewing the record in this case could not reasonably believe that the undersigned is personally biased or prejudiced against plaintiff. As such, recusal is not warranted.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: April 7, 2011

I hereby certify that a copy of the foregoing document was mailed to Kevin Drew, 23890 Stacey Drive, Brownstown, MI 48183 and the attorneys of record on this date, April 7, 2011, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160

3